---

## In re BURT.

### (District Court, N. D. New York. May 20, 1886.)

**BANKRUPTCY—ASSIGNEE'S FEES—EXTRAORDINARY AND UNUSUAL DUTIES.**

The court having examined de novo an application by the assignee for an additional allowance in respect of extraordinary and unusual duties, followed the report of the register giving an additional allowance, although it had not been filed or excepted to, on the ground that the opinion of the register, who had personal knowledge of the matters in controversy, was entitled to great weight, and the court did not feel justified in disturbing it.

In Bankruptcy.

On the ninth day of March, 1886, a motion being then pending for an additional allowance to the assignee, the issues involved were, by consent of all parties, duly referred to the register in charge. The order recites "that the petition, and the subject-matter thereof, and the entire subject of compensation of said assignee, be, and the same hereby is, referred to Hon. C. CARSKADDAN, register in bankruptcy, to hear and examine into the same, and report thereon in full to this court, with his opinion." The register heard the parties, and reported that $250 is a reasonable sum to be allowed for the extraordinary and unusual duties performed by the assignee. The report concludes as follows: "I think the sum of two hundred and fifty dollars would be a just and fair allowance, under the circumstances of the case, and hereby order and direct that the assignee be allowed that sum as extra compensation in the above matter." No exceptions to the report, as required by rule 17 of this court, have been filed, nor is any evidence presented that the report itself has been filed. All the papers and written briefs have been sent to the court upon the theory entertained, apparently, by both counsel that the whole subject is open for discussion, and that the reference to the register was a perfunctory and formal proceeding. The bankrupt and the creditors insist that the assignee should receive nothing. The assignee, on the contrary, contends that he is entitled to double the sum awarded by the register.

*William Tiffany*, for the assignee.

*Elisha B. Powell*, for the bankrupt and creditors.

Coxe, J.    All the parties interested—the creditors, the assignee, and the bankrupt—consented that the entire subject of compensation to the assignee be referred to the register in charge.    He heard the parties at length, and made his report, awarding $250 in view of the protracted and successful litigation carried on by the assignee.    The report has not been filed or excepted to.    Though technical objections might be urged to this manner of presenting the case, I have, under the provisions of general order No. 30, considered it my duty to examine the question *de novo.*    The opinion of the register, who for some time has had personal knowledge of the matters in controversy, is entitled to great weight, and, in these circumstances, I do not feel justified in disturbing it.    The finding of the register that, in addition to the ordinary and usual duties in such matters, the assignee "was engaged in litigation from the beginning of his trust (October, 1877,) until May, 1884, and in such litigation succeeded in reducing a claim upon the assets of the estate from $32,000 to about $300," seems to be fully sustained by the proof, and is sufficient to justify the granting of the small allowance reported by him.

The report of the register is confirmed, and, with the concurrence of the circuit judge, an additional allowance of $250 is awarded to the assignee.